1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7   RAYMOND ALLEN REDWINE,              Case No.   15-cv-3109-TEH

            Plaintiff,
8
                                        ORDER OF DISMISSAL WITH LEAVE
        v.                              TO AMEND
9

10  M.E. SPEARMAN,

            Defendant.
11

12

13       Plaintiff, an inmate at Correctional Training Facility,

14  filed this pro se civil rights action under 42 U.S.C. § 1983.[1]

15  Plaintiff is granted leave to proceed in forma pauperis in a

16  separate order.  His complaint is now before the Court for

17  initial screening pursuant to 28 U.S.C. § 1915A.

18                                   I

19       Federal courts must engage in a preliminary screening of

20  cases in which prisoners seek redress from a governmental entity

21  or officer or employee of a governmental entity.  28 U.S.C. §

22  1915A(a).  The Court must identify cognizable claims or dismiss

23  the complaint, or any portion of the complaint, if the complaint

24  "is frivolous, malicious, or fails to state a claim upon which

25  relief may be granted," or "seeks monetary relief from a

26  defendant who is immune from such relief."  Id. § 1915A(b).

27  _____

28  [1] While filed as a habeas action, Plaintiff seeks relief regarding
    the conditions of his confinement.

*(left margin, vertical text)* United States District Court Northern District of California

1    Pleadings filed by pro se litigants, however, must be liberally

2    construed.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010);

3    Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir.

4    1990).

5        To state a claim under 42 U.S.C. § 1983, a plaintiff must

6    allege two essential elements:  (1) that a right secured by the

7    Constitution or laws of the United States was violated, and (2)

8    that the alleged violation was committed by a person acting under

9    the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

10                                    II

11       Plaintiff states that he has been denied medical treatment

12   and is in severe pain.

13       Deliberate indifference to serious medical needs violates

14   the Eighth Amendment's proscription against cruel and unusual

15   punishment.  Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin

16   v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other

17   grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136

18   (9th Cir. 1997) (en banc).  A determination of "deliberate

19   indifference" involves an examination of two elements: the

20   seriousness of the prisoner's medical need and the nature of the

21   defendant's response to that need.  Id. at 1059.

22       A "serious" medical need exists if the failure to treat a

23   prisoner's condition could result in further significant injury

24   or the "unnecessary and wanton infliction of pain."  Id.  The

25   existence of an injury that a reasonable doctor or patient would

26   find important and worthy of comment or treatment; the presence

27   of a medical condition that significantly affects an individual's

28   daily activities; or the existence of chronic and substantial

United States District Court
Northern District of California

2

1  pain are examples of indications that a prisoner has a "serious"

2  need for medical treatment.  Id. at 1059-60.

3      A prison official is deliberately indifferent if he or she

4  knows that a prisoner faces a substantial risk of serious harm

5  and disregards that risk by failing to take reasonable steps to

6  abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The

7  prison official must not only "be aware of facts from which the

8  inference could be drawn that a substantial risk of serious harm

9  exists," but he "must also draw the inference."  Id.  If a prison

10  official should have been aware of the risk, but was not, then

11  the official has not violated the Eighth Amendment, no matter how

12  severe the risk.  Gibson v. County of Washoe, 290 F.3d 1175, 1188

13  (9th Cir. 2002).  "A difference of opinion between a prisoner-

14  patient and prison medical authorities regarding treatment does

15  not give rise to a § 1983 claim."  Franklin v. Oregon, 662 F.2d

16  1337, 1344 (9th Cir. 1981).

17      Plaintiff states that he has been denied treatment for his

18  severe medical epicondylitis[2] and as a result is in severe pain.

19  He requested to see a specialist to discuss treatment of his

20  elbow pain, but the request was denied.  Plaintiff provides no

21  more information and does not identify the actions of any

22  specific defendant, but instead attaches approximately 170 pages

23  of exhibits.  The only named Defendant is the warden of the

24  facility.

25      The complaint is dismissed with leave to amend.  Plaintiff

26

27  ————————————

[2] Epicondylitis, also known as tennis elbow, is inflammation in the
28  forearm muscles resulting from repetitive strain.  See Brown v.
Colvin, 2015 WL 3823938, at *3 (C.D. Cal. June 19, 2015).

United States District Court
Northern District of California

must identify specific defendants and describe how they were deliberately indifferent to his serious medical needs.  Plaintiff must describe what requests were denied, who denied the requests, what medical care was provided, and how the provided medical care was inadequate and violated the Eighth Amendment.  Simply attaching exhibits is insufficient.

                                    III

     For the foregoing reasons, the Court hereby orders as follows:

     1. The Clerk shall reclassify this action as a civil rights action.

     2. Plaintiff's Complaint is DISMISSED WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT, within twenty-eight days containing all related claims against all Defendants that Plaintiff wishes to proceed against in this action.  The pleading must be simple, concise and direct and must state clearly and succinctly how each and every Defendant is alleged to have violated Plaintiff's federally-protected rights.  See Leer, 844 F.2d at 634.  The pleading must include the caption and civil case number used in this order and the words COURT ORDERED FIRST AMENDED COMPLAINT on the first page.  Plaintiff is advised that he must file all of his claims in one complaint and not present them piecemeal to the Court in various letters and other documents.  Failure to file a proper First Amended Complaint within twenty-eight days of this order will result in the dismissal of this action without prejudice.

     3. Plaintiff is advised that the First Amended Complaint will supersede the original Complaint and all other pleadings.

1   Claims and defendants not included in the First Amended Complaint

2   will not be considered by the Court.  See <u>Lacey v. Maricopa</u>

3   <u>County</u>, 693 F.3d 896 (9th Cir. 2012) (en banc) ("For claims

4   dismissed with prejudice and without leave to amend, we will not

5   require that they be repled in a subsequent amended complaint to

6   preserve them for appeal. But for any claims voluntarily

7   dismissed, we will consider those claims to be waived if not

8   repled.").

9       4. It is Plaintiff's responsibility to prosecute this

10  action.  Plaintiff must keep the Court informed of any change of

11  address by filing a separate paper with the Clerk headed "Notice

12  of Change of Address," and must comply with the Court's orders in

13  a timely fashion.  Failure to do so may result in the dismissal

14  of this action for failure to prosecute pursuant to Federal Rule

15  of Civil Procedure 41(b).

16      IT IS SO ORDERED.

17  Dated: 07/23/2015

18                                  _____
                                    THELTON E. HENDERSON
19                                  United States District Judge

20  G:\PRO-SE\TEH\CR.15\Redwine3109.dwlta.docx

United States District Court
Northern District of California

5